IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> EXWORKS CAPITAL, LLC <br><br><br> Debtor. | Chapter 11 (Subchapter V) <br><br> Case No. 22-10213 |

**DEBTOR'S APPLICATION FOR AN ORDER PURSUANT
TO SECTION 327(e) OF THE BANKRUPTCY CODE AUTHORIZING
THE RETENTION AND EMPLOYMENT OF KING & SPALDING LLP,
AS SPECIAL LITIGATION COUNSEL, EFFECTIVE AS OF MARCH 14, 2022**

ExWorks Capital, LLC ("**ExWorks**"), as debtor in the above-captioned case under chapter 11 of the United States Bankruptcy Code (the "**Debtor**"), hereby submits this application (the "**Application**") for an entry of an order, substantially in the form attached hereto as Exhibit B (the "**Proposed Order**"), pursuant to section 327(e) of title 11 of the United States Code. 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"), and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the retention and employment of King & Spalding LLP ("**King & Spalding**" or the "**Firm**") as special counsel to the Debtor in connection with Case No. 2020 CH 06538 pending before the Circuit Court of Cook County, Illinois, against former employees and companies associated with those same former employees, a related investigation by the Securities and Exchange Commission's Division of Enforcement, and related proceedings, effective as of the Petition Date (as defined below). In support of this Application, the Debtor relies on the declaration of Zachary T. Fardon (the "**Fardon Declaration**"), which is attached hereto as Exhibit A. In further support of this Application the Debtor respectfully represents as follows:

## Jurisdiction and Venue

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "**Amended Standing Order**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The Debtor confirms its consent, pursuant to Rule 7008 of the Bankruptcy Rules, to the entry of a final order by the Bankruptcy Court in connection with this Motion to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final order or judgments in connection herewith consistent with Article III of the United States Constitution.

## Background

### A. Procedural History

3. On March 14, 2022 (the "**Petition Date**"), the Debtor commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**"). The Debtor is authorized to continue to operate their business and manage their properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On March 16, 2022, David M. Klauder was appointed as Subchapter V Trustee [Docket No. 10].

4. Additional information regarding the Debtor's business and the events leading up to the Petition Date can be found in the *Declaration of James Harrington in Support of Chapter 11 Petition* [Docket No. 28] (the "**Harrington Declaration**"), which is incorporated herein by reference.

### B. The Cook County Action and SEC Investigation

5. The Debtor is engaged as the plaintiff in a significant ongoing litigation against its former management and others in the case captioned *ExWorks Capital LLC and World Trade Finance, LLC v. Abrams, et al.*, Case No. 20 CH 06538 (Cir. Court Cook County, IL) (the "**Cook County Action**"). The underlying circumstances giving rise to the Cook County Action contributed to the initiation by the Securities and Exchange Commission of an investigation by the Division of Enforcement (as referenced in the Harrington Declaration) (the "**SEC Investigation**"), which such investigation is currently stayed. In the Cook County Action, the Debtor alleges, among other allegations, that the former management and companies associated with them committed misconduct that caused substantial losses to the Debtor (in reference to both the Debtor as plaintiff in the Cook County Action and the subject of the SEC Investigation, the "**Debtor Plaintiff**"). The details of the Cook County Action are further detailed in the Harrington Declaration, along with the complaint in the Cook County Action, attached as Exhibit A to the Harrington Declaration.

### Relief Requested

6. By this Application, the Debtor respectfully requests the entry of the Proposed Order, substantially in the form attached hereto as Exhibit B: (a) authorizing the retention and employment of King & Spalding as their special litigation counsel with respect to the Cook County Action, the SEC Investigation, and related proceedings, effective as of the Petition Date, and (b) granting related relief.

### Basis for Relief Requested

7. Section 327(e) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> [M]ay employ, for a specified special purpose . . . an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e). *See, e.g.*, *DeVlieg-Bullard, Inc. v. Natale (In re DeVlieg, Inc.)*, 174 B.R. 497 (N.D. Ill. 1994); *Meespierson Inc. v. Strategic Telecom, Inc.*, 202 B.R. 845, 847-48 (Bankr. D. Del. 1996); *In re Leisure Dynamics*, 32 B.R. 753, 754 n.2 (Bankr. D. Minn. 1983), aff'd, 33 B.R. 121 (D. Minn. 1983) (noting that court had approved debtor's retention of corporate counsel under section 327(e)). Section 327(e) of the Bankruptcy Code authorizes the retention of an attorney provided that: (a) such retention is for a special purpose; (b) the purpose of the retention is not to conduct the chapter 11 cases; (c) the retention is in the best interests of the debtor's estate; and (d) the attorney does not hold any interest adverse to the debtor with respect to the subject of its retention. 11 U.S.C. § 327(e).

8. Moreover, section 1107(b) of the Bankruptcy Code provides that a person is not disqualified for employment under section 327 of the Bankruptcy Code by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case. 11 U.S.C. § 1107(b).

9. Retention of an attorney under section 327(e) does not require the same searching inquiry required for a debtor to retain general bankruptcy counsel under section 327(a). *See In re Contractor Tech.*, Ltd., 2006 WL 1492250 (S.D. Tex. 2006) ("[S]pecial counsel's adverse interest is relevant only if that interest relates to the matter on which the special counsel is employed.") (*citing In re West Delta Oil*, 432 F.3d 347, 356 (5th Cir. 2005)).

10. Nevertheless, the phrase "does not represent or hold any interest adverse to the debtor or the debtor's estate" requires a factual determination of "all relevant facts surrounding the debtor's case, including, but not limited to, the nature of the debtor's business, all foreseeable

4

employment of special counsel . . . [and] the expense of replacement counsel . . . .." *In re Woodworkers Warehouse, Inc.*, 323 B.R. 403, 406 (D. Del. 2005). Further, in exercising discretion under section 327, the Court should take "into account the particular facts and circumstances surrounding the case." *In re Johnson*, 433 B.R. 626, 635 (Bankr. S.D. Tex. 2010). In general, however, subject to the requirements of sections 327 and 1107, a debtor in possession is entitled to the counsel of its choosing. *In re Vouzianas*, 259 F.3d 103, 108 (2d Cir. 2001) (observing that "[o]nly in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel") (*quoting In re Mandell*, 69 F.2d 830, 831 (2d Cir. 1934)).

11. As detailed below, the Debtor Plaintiff's proposed retention of King & Spalding is appropriate under 327(e) of the Bankruptcy Code.

A. **Services to be Provided**

12. In 2020, the Debtor Plaintiff retained King & Spalding to provide legal services in connection with the investigation and consultation regarding purported financial malfeasance of certain members of its former management team, which such King & Spalding representation has included the filing and prosecution of the Cook County Action, the SEC Investigation, and related proceedings. The Debtor believes that, due to King & Spalding's longstanding representation of the Debtor Plaintiff in the Cook County Action and the SEC Investigation, it is in the best interests of the Debtor's estate to retain King & Spalding as special litigation counsel. Indeed, if the Debtor is required to retain different counsel to replace King & Spalding, the Debtor would need to find, educate, and integrate new counsel, and expend significant resources in doing so, rather than devoting their time and efforts towards the Chapter 11 Case. In this respect, retaining King & Spalding will avoid unnecessary administrative expenses and delays, resulting in cost efficiencies, and provide valuable assistance to the Debtor's efforts to effectuate a restructuring transaction.

13. These services will involve representing the Debtor Plaintiff in the Cook County Action, and all legal services necessary in connection with the preparation and litigation of the Cook County Action and any proceedings related thereto, including the SEC Investigation and related proceedings to the extent necessary during the Chapter 11 Cases. Considering the proposed scope of King & Spalding's services, the Debtor submits that King & Spalding's proposed retention is appropriate pursuant to section 327(e) of the Bankruptcy Code, as it is for the limited purpose of representing the Debtor Plaintiff as counsel in connection with the Cook County Action, the SEC Investigation, and related proceedings.

**B. King & Spalding's Qualifications**

14. The Debtor believes that King & Spalding is well qualified and uniquely suited to serve as the Debtor's special litigation counsel in the Chapter 11 Case in continuing to represent the Debtor Plaintiff in the Cook County Action, the SEC Investigation, and related proceedings. King & Spalding specializes in litigation with extensive experience representing complex circumstances such as the Cook County Action and the SEC Investigation. The Debtor selected King & Spalding to bring the Cook County Action and believes that their continued representation is key to achieving a successful outcome in the Cook County Action. While currently stayed, King & Spalding's expertise may also continue to be necessary in connection with the SEC Investigation and related proceedings. Accordingly, the Debtor believes that the retention of King & Spalding is in the best interests of the Debtor's estate. King & Spalding has also effectively handled the litigation and corresponding investigations to date.

15. Considering King & Spalding's existing representation of the Debtor in the Cook County Action and the SEC Investigation, King & Spalding already has the experience and knowledge necessary to continue to represent the Debtor in the Cook County Action and the SEC

Investigation. If the Debtor is required to retain different counsel regarding either matter, the Debtor would have to expend significant resources in helping new counsel become familiar with such matters on a highly expedited timeline.

16. In its role as special litigation counsel, King & Spalding will not serve as counsel to the Debtor with respect to any other matters in connection with the Chapter 11 Case. The Debtor believes that the services King & Spalding will provide will be complementary rather than duplicative of the services to be performed by Debtor's counsel, Baker & Hostetler LLP. The Debtor is mindful of the need to avoid duplication of services, and appropriate procedures will be implemented to ensure that there is minimal duplication of effort as a result of King & Spalding's role as special litigation counsel.

17. As outlined in the Engagement Letter (as defined in the Proposed Order), King & Spalding has indicated its willingness to render the necessary professional services described above as special litigation counsel. The Debtor reserves their right to expand the scope of services to be provided by King & Spalding, if necessary.

**C. Payment of Fees and Expenses**

18. King & Spalding will seek Court approval of its compensation and reimbursement of its actual, necessary expenses and other charges incurred by the Firm upon the filing of appropriate applications for interim and final compensation and reimbursement pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable orders of the Court.

19. King & Spalding's current hourly rates for the partners and associates who will work on this engagement are as follows:

Partners: $1,000 - $1,425 / hour
Associates: $590 - $1090 / hour
Non-Admitted Legal Personnel: $145-515

20. King & Spalding's hourly rates are set at a level designated to compensate the Firm fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. Hourly rates vary with the experience and seniority of the individuals assigned. The Debtor has been advised that these hourly rates are subject to annual adjustments in the ordinary course of King & Spalding's business to reflect economic and other conditions.[1]

21. The hourly rates listed above and in the Fardon Declaration are consistent with the rates that King & Spalding charges other comparable clients, regardless of location of the clients or any associated case. The rate structure provided by King & Spalding is appropriate and not significantly different from (a) the rates that King & Spalding charges for other similar types of representations or (b) the rates that other comparable counsel would charge to do work substantially similar to the work King & Spalding will perform as ongoing litigation counsel in the Cook County Action and SEC Investigation.

22. The Debtor also understands that it is the Firm's policy to charge its clients for certain expenses incurred in connection with the client's case. It is also King & Spalding's policy to charge its clients only the amount actually incurred by King & Spalding in connection with such items. The expenses charged to clients include, among other things, court costs, deposition fees, service fees, court reporter fees, travel costs, and certain other costs of litigation, including fees charged by expert witnesses, to the extent provided for in the Engagement Letter. The Firm will

---

[1] As set forth in the Proposed Order, King & Spalding will provide ten business-days' notice to the Debtor, the U.S. Trustee, any creditors' committee and any other official committee before implementing any periodic increases and shall file any such notice with the Court.

charge the Debtor Plaintiff for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.

23. Prior to the Petition Date, the Debtor Plaintiff was in substantial arrears on legal fees owed to King & Spalding in the Cook County Action. On March 14, 2022, in connection with the Cook County Action and in accordance with Illinois law, King & Spalding served a Notice of Attorney's Lien, attached as Exhibit III to the Fardon Declaration.

24. In addition, Debtor Plaintiff holds insurance policies with the Chubb Group of Insurance Companies ("**Chubb**"), under which King & Spalding is a beneficiary representing Debtor Plaintiff with respect to the SEC Investigation and a corresponding defamation lawsuit. In connection with invoices for time billed on the Cook County Action, SEC Investigation, and related investigations on behalf of the Debtor Plaintiff, on or about April 13, 2022, King & Spalding received several checks from Chubb, totaling $330,644.10 on account of invoices totaling $277,794.00 for time billed by King & Spalding representing the Debtor Plaintiff from March through September 2021 in connection with the SEC Investigation. While King & Spalding believes it is entitled to these payments as direct beneficiary under the insurance policies, King & Spalding is holding these payments (including the overpayment) in escrow, and, for the avoidance of doubt, will not apply any such payments to its outstanding invoices until further order or direction from the Court.

25. Further, King & Spalding and the Debtor are currently discussing a potential alternative fee structure, including a potential contingency fee structure. In the event final agreement is reached on such a structure it will be contingent on approval by this Court and the Debtor will seek a supplemental order approving this fee structure.

26. Pursuant to Bankruptcy Rule 2016(b) and 504, King & Spalding has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, associates, and contract attorneys associated with King & Spalding or (b) any compensation another person or party has received or may receive.

**D. Bankruptcy Rule 2014 Disclosure**

27. To the best of the Debtor's knowledge, except as described in the Fardon Declaration, King & Spalding does not represent or hold any interest adverse to the Debtor or its estate with respect to the matters on which King & Spalding is to be retained.

28. King & Spalding will periodically review its files during the pendency of the Chapter 11 Case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, King & Spalding will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

**Notice**

29. The Debtor will provide notice of this Application to: (i) the U.S. Trustee and (ii) all parties that, as of the filing of this Application have requested notice in the Chapter 11 Case pursuant to Bankruptcy Rule 2002. Considering the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

**No Prior Request**

30. No previous request for the relief sought herein has been made by the Debtor to this or any other Court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE the Debtor respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: April 25, 2022

Respectfully submitted,

*/s/ Jeffrey J. Lyons*
Jeffrey J. Lyons (No. 6437)
**BAKER & HOSTETLER LLP**
1201 N. Market Street, Suite 1402
Wilmington, DE 19801
Telephone: (302)468-7088
Email: jjlyons@bakerlaw.com

-and-

Michael A. VanNiel (Admitted *Pro Hac Vice*)
Joseph M. Esmont (Admitted *Pro Hac Vice*)
Alexis C. Beachdell (Admitted *Pro Hac Vice*)
Scott E. Prince (Admitted *Pro Hac Vice*)
**BAKER & HOSTETLER LLP**
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114
Telephone: 216.621.0200
Facsimile: 216.696.0740
Email: mvanniel@bakerlaw.com
      jesmonth@bakerlaw.com
      abeachdell@bakerlaw.com
      sprince@bakerlaw.com

*Proposed Counsel for the Debtor*