IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>EXWORKS CAPITAL, LLC,[1]<br><br>Debtor. | Chapter 11 (Subchapter V)<br><br>Case No.: 22-10213-BLS |

ORDER AUTHORIZING THE RETENTION
AND EMPLOYMENT OF KING & SPALDING LLP, AS SPECIAL
LITIGATION COUNSEL, EFFECTIVE AS OF MARCH 11, 2022

Upon the application (the "**Application**")[2] of ExWorks Capital, LLC, as debtor and debtor in possession in the above-captioned Chapter 11 Case (collectively, the "**Debtor**") for entry of an order, (this "**Order**"), (a) authorizing the retention and employment of King & Spalding LLP ("**King & Spalding**") as special litigation counsel for the Debtor, effective as of March 14, 2022, pursuant to and in accordance with the terms and conditions of that certain engagement letter (the "**Engagement Letter**"), attached hereto as **Exhibit 1**; and (b) granting related relief, all as more fully set forth in the Application; and this Court having reviewed the Application and the Fardon Declaration; and the Court having jurisdiction to decide the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "**Amended Standing Order**"); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief

---

[1] The last four digits of the Debtor's federal taxpayer identification number is (9876). The current notice address for the Debtor is ExWorks Capital, LLC, 1415 West 22nd Street, Tower Floor, Oak Brook, IL 60523.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

requested in the Application having been provided; such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Application (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein, and is in the best interests of the Debtor, its estate, its creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

    **IT IS HEREBY ORDERED THAT:**

1.     The Application is **granted** as set forth herein.

2.     The Debtor is authorized, pursuant to section 327(e) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Bankruptcy Local Rules 2014-1 and 2016-1, to retain and employ King & Spalding as special litigation counsel on the terms and conditions set forth in the Application, the Fardon Declaration and in the Engagement Letter, effective as of the Petition Date.

3.     King & Spalding is authorized to render professional services in connection with the Cook County Action, the SEC Investigation and related proceedings, as described in the Application.

4.     Upon entry of this Order, the Attorney's Lien, attached as Exhibit III to the Fardon Declaration, shall be deemed released without further action of any party.

5.     King & Spalding shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's Chapter 11 Case in compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local

Rules, and any other applicable procedures and orders of the Court. King & Spalding will make reasonable efforts to comply with any requests of the U.S. Trustee for information and additional disclosures in connection with the Application and any interim and/or final fee application(s) to be filed by King & Spalding in this Chapter 11 Case.

6. King & Spalding will continue to hold any payments received from Chubb in escrow and will not apply any such payments to its outstanding invoices until further order or direction from the Court.

7. Notwithstanding anything to the contrary contained in the Engagement Letter, King & Spalding shall not bill the Debtor for overtime secretarial charges.

8. King & Spalding shall be compensated for fees and reimbursed for reasonable and necessary expenses and shall file interim and final fee applications for allowance of its compensation and expenses pursuant to sections 330 and 331 of the Bankruptcy Code and in accordance with the Bankruptcy Rules, the Local Rules, and such other orders as the Court may direct. King & Spalding will provide ten business-days' notice to the Debtor, the U.S. Trustee, any creditors' committee and any other official committee before implementing any periodic increases and shall file any such notice with the Court.

9. King & Spalding shall use its best efforts to avoid any duplication of services provided by any of the Debtor's other retained professionals in this Chapter 11 Case.

10. To the extent the Application, the Fardon Declaration, or the Engagement Letter are inconsistent with this Order, the terms of this Order shall govern.

11. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

4

12. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: June 9th, 2022**  
**Wilmington, Delaware**

**BRENDAN L. SHANNON**  
**UNITED STATES BANKRUPTCY JUDGE**